The next case scheduled for argument is number 21-867 Gluck v. Commissioner of Internal Revenue. Mr. Friedman You're on mute. Let me just set the camera up better. Okay. May it please the court. Good morning, your honors. My name is Thomas Friedman. I'm from the law firm Meister Seelig & Fine, and we are the attorneys for the appellants here. This is an appeal of the tax court's determination in this case that it lacked jurisdiction to redetermine the taxpayer's deficiency as set forth in a notice of deficiency that was issued by the court. More specifically, this proceeding was commenced by the taxpayer seeking a redetermination of the IRS's position that the taxpayers are not entitled to defer capital gains on their 2012 tax returns in connection with the purchase of a tenant in common interest, a tick interest, in a New York City apartment building pursuant to the like-kind exchange provisions set forth in IRC section 1031. We need to begin here by looking at the notice of deficiency that made the appellants bring this proceeding in the first place. If you look at the notice of deficiency, it specifically states that if you want to contest this determination in court before making any payment, you have to file a petition with the tax court. This is precisely what the taxpayers did here. They timely filed a redetermination petition with the tax court. But despite this clear and unambiguous language in this notice of deficiency, when this action was filed for the first time, actually, when they made their motion to dismiss, the IRS argued that it was assessing, it was denying the gain because this was simply a computational adjustment under section 6222C of the tax equity and fiscal law. Let me ask you this. There's been a change in the law with respect to 1031 exchanges, right? Yes. Can you help me understand, first, the kind of the nature of the change, and two, does that change mean that the problem we are wrestling with at this point cannot recur? Well, the rules under the IRS rules under section 1031 state that for classification of property, under rule 1031, if on the date it is transferred in an exchange, the property is classified as real property under the law of the state or local jurisdiction in which the property is located, that's what you have to look at. And that was the change. So now you, you know... Excuse me. Let me focus on the change. Just tell me what the before and tell me what the after was. Well, I believe that the law is the same with regard to looking at the local state law to determine whether or not the property is classified as real property or not. I don't think that has been changed. What's been changed? I don't know what's been changed specific for this case. Because the brief is replete with interlineations, if you will, that under the then existing 1031. And I need you to help me understand whether the then existing 1031 provisions are different from the ones that the then existing ones have kind of gone and there's a new regime. Your Honor, respectfully, under the provisions that were in effect at the time of the exchange, you would look at the law of the state where the property is located to determine whether the property is a property, is a real property interest or a partnership. And I don't think that that's... Just a minute, Mr. Friedman. You refer, you say that the, look to the law of the state or local law to determine whether it's an interest in real property. But the treasury regulation, right, 1.1031A3A6 says except is provided in paragraph A5. And so it says, it creates these exceptions to whether local or state law govern in terms of what an interest in real property is. And A5 says that partnership interests are not real property for the purposes of 1031. Okay, but isn't that correct? But this is the issue is not whether this is a partnership interest because it wasn't, it was a tick interest. That's the whole question. And that's to me, that's what the jurisdiction of the tax court turned on. Because if it's an interest in a partnership interest, that is a partnership item. The existence of a partnership is a partnership item under the regime there. And that is something that in a deficiency proceeding, the tax court was disabled from adjudicating. But it wasn't the issue. The issue wasn't... Your clients were informed in the instructions to form 8082. When they got the, they agree that they received the notice of the partnership return. And yet they failed to follow up by notifying the IRS that they looked at this inconsistently reflecting any surprise about the partnership return or that they had no interest in the partnership. And so that's my understanding is that's why the Tefra regime disallowed them from proceeding in order to avoid inconsistent adjudications and preserve judicial resources. They got this notice that said, actually you have partnership income, but they didn't follow up and say, no, we were not in a partnership. And this under the reg that I was citing to you, the reg under 1031, that's a partnership item that tax court was disabled from adjudicating. So what am I wrong in that explanation? I don't think the tax court found that the issue was whether or not there's a partnership item here. The issue was whether or not the classification of the property as a real property interest or determinations of affected items are determined at the partner level. The court, however, here found that this was a computational affected item, not a factual affected item. And therefore, computational affected item was permitted to be, the court said it doesn't have jurisdiction. However, there was never a notice of computational adjustment sent to the taxpayer here. That was something that was invented after the case got to the tax court. Your clients still received the form 80 or received notice of the, the tax, the partnership income, right? Yes, he did. And, and, and did they get a form 8082? They did not file a form. They did not file the form 8082 because they weren't contending that there was an inconsistency reported on their K-1 from the partnership. Of course, of course they were because they claimed they shouldn't have gotten the K-1 at all because they weren't partners in a partnership. This is strictly a matter of the taxpayer's personal return and whether the capital gains deferral was proper under 1031. It's not an issue of whether or not a distributive share from the partnership changes other partners' interests. It has nothing to do with this. It's strictly personal to the partner's return. Well, I don't follow that at all. I don't understand what you just said. So they're limited to correcting a partner's distributive share of income. Well, what did your, what did your clients have? What did your clients have if they didn't have an interest in a partnership? They had a, a, a tick interest in the property. That's what they purchased. Didn't, didn't, didn't the sale documents indicate that they were taking what they were acquiring was an interest in a partnership? No, no, they, they, the sale documents specifically were that they purchased tick interests. There, there was a tick agreement that was attached to there was nothing in the sale documents that would indicate that they were taking partnership interests. Didn't, didn't it refer to a venture, the tenancy in common referred to a venture? It referred to the owners of, of the property. Not, I think that there was a, I think in the, in the respondent's briefs, he, he, he refers to it as, as the partners or, or, or some other language, but the language was that it was the owners of, of the property. And the entity of all the owners sometimes referred to as the venture. This is the opening paragraph of the tenancy in common agreement. But Judge Robinson, you had a question, I think. I guess I want to make sure, I think I understand your argument here, but as a, matter of the record, is it the case that the IRS made no purported adjustments based on any claim that your clients individual tax return reported income deductions, things like that, that were inconsistent with what he should have reported based on the K-1 that was issued by the partnership? Yes, it's our, our client's position that if they wanted to do that, they would have sent a notice of computational adjustment as is the practice of the IRS. Our clients did not receive that or did not find out that that was the position that the IRS was taking until after they filed their petition in this case. And we think that's wrong. We think that it's a factual determination, whether or not the property is a real property interest or a partnership interest, therefore it needs a partner level determination here. Go ahead, Judge Robinson, please. Well, just one quick follow-up. We were talking about the changes in the law and the laws and all of these have evolved. And of course it was, we're looking at a 2012 situation from the lens of 2018 when the proceeding was brought. I'm interested in your perspective on 26 USC 6222, which deals with the consequences for failing to say, point out the inconsistency on whatever the form is that's required. That speaks to the jurisdiction ultimately combined with 6213 of the tax court. And I'm trying to figure out whether we evaluate the tax court's jurisdiction circa 2018 based on the laws in effect at the time of the notice of deficiency, or whether we evaluate the tax court's jurisdiction, even though it was a 2018 notice with reference to the laws that existed in 2012. Yeah, that's a good point. Your honor. It's it's I, and we had been dealing with that by, by applying the rules back when it, from 2012 to these issues. So based on those, we looked at Tefra and we looked at, and I think, I think the tax court did as well. So um, yeah, I, I don't believe that we looked at it from a, from a perspective of 2018. No, and I'm not sure which we should, I guess that's my question is you think 2012 is the right frame of reference. Yes, I'd have to look more carefully into what differences would be if we looked at it from 2018. And would you, would you agree that it's the statute, not a notice of deficiency, that would you agree that it's the statute, not the notice of deficiency, that is determinative of the tax court's jurisdiction. Well, I mean, the notice of deficiency, it expressly invites the, the, the appellants to bring a proceeding. If they think anything is wrong with it with the notice of deficiency, that's exactly what they did. Why would, why would the IRS send such a notice if that was not the case and if that would not give the tax court jurisdiction to hear their, their redetermination. All right. Well, why don't we hear what the commissioner has to say then. Thank you. We have reserved several minutes of rebuttal. Thank you. Mr. Christensen. Thank you, your honor. May it please the court, Jacob Christensen for the commissioner of internal revenue. The tax court correctly held that it lacked jurisdiction to redetermine taxpayers liability for 2012, which resulted from a computational adjustment made by the IRS to properly reflect the treatment of partnership items under the tax equity and fiscal responsibility act or TEFRA. The question here that your honors have asked is what, what is the governing issue with respect to the tax court's jurisdiction? The question is, before you could get to that, can you help me please understand what the change in law has been? Yes. In 2012, in order to qualify for a like kind exchange under section 1031, the property exchange could not disqualified under the statute in effect during 2012. Unfortunately, your honor, I'm not prepared at this time to explain how exactly that statute has changed since, since the effective year in issue. But you know, the statute as an effect during 2012 disqualified an exchange of partnership of a partnership interest from like kind exchange treatment. And you're not, you know, I don't want to belabor this, but you're not sure whether that currently, whether or not that currently is the law. That's correct. I'm not sure. Okay. Thank you. Yes. You're welcome. To address the notice of deficiency point that we were just talking about, the notice of deficiency that Glucks received, Wesley invited them to contest the claim deficiency by filing a petition in the tax court. But that's a position that the services abandoned at this point. That seems very unfair. Certainly, your honor, the, the deficiency here, the like the disallowing the light kind exchange treatment results from, from the treatment of partnership items at the partnership level. The, the light kind exchange claim is what we refer to as an affected item. In other words, if the partnership, if the interest exchange was a partnership interest, then it would be disqualified. And so the treatment of the asset at the partnership level directly affects how it's item. There are two types of affected items. There are affected items, which do not require further factual development at the partner level. And there, there are also affected items, which may require partner level determinations and that, and that for, for the affected items that do require additional partner items, the notice of deficiency proceedings proceedings or procedures apply. And so the IRS can't be certain at the time they're either issuing a notice of deficiency or making the computational adjustment, whether the tax court will agree that the affected item is one that does or does not require further. The notice doesn't say that the notice just says taxpayer payer. Here's your bill for, you know, several hundred thousand dollars, or I guess it's a 1.5 million. Please pay it. And if you want to contest it, you know, send a petition to this address. There's no, you know, this, you know, may depend on X, Y, or Z, or this is provisional. There's no mention of computational adjustment. It just provides one path. Why is the taxpayer penalized for following that path? Well, I don't, you're correct that the letter didn't explicitly explain, you know, the, the dual nature of, of this. And, and I understand that I would respond that again, it's not the, what the letter states that controls the tax court's jurisdiction. It is controlled by the to the assessment or collection of any computational adjustment. But the notice doesn't refer to a computational adjustment either, does it? But it, but it does refer to the adjustment made to the like-kind exchange. It disallows the like-kind exchange adjustment. And that arguably constituted the, the notice of the adjustment to that item. The, you know, the taxpayer had the opportunity to, to dispute his status as a partner when he received, you know, after receiving the Schedule K-1. Had he done that, had the, had Mr. Gluck notified the IRS that he was filing a return that was inconsistent, or had he requested an administrative adjustment, then the IRS would have had the time to investigate and then to determine, you know, whether, whether the partnership had correctly reported those items. But because he... Let's suppose, suppose the, let's consider for just a minute a hypothetical where there's just a, a major error in the K-1. The K-1 says your share of partnership's income is a million bucks. And in reality, it's a thousand bucks. The K-1s, you know, come in, you know, early April. My spouse gets K-1s. I round them up. I send them to the accountant. They are, with due respect to the IRS, virtually, I mean, unless you're a real accountant, they're very, sometimes very, very hard to decipher. So we send this, the K-1 over there. There's a major error. I don't, I neglect to file the 80-20 form. I simply don't pick it up. Is the government then entitled to, for what is, everybody concedes it's just a scrivener's error. Is the government entitled to collect the taxes on a million bucks simply because I didn't file the 1080, the 80-20 form? Well, in that situation, the partner would have three years to notify the IRS or to file a notice of inconsistent treatment or to request an administrative adjustment. Remember, Your Honor, that the K-1 is issued by the partnership to its. Correct. Correct. So at that point, the IRS is not, not involved. The IRS doesn't have any information about the, you know, the sales contracts that were entered into. It wasn't a party to those. All that the IRS knows is what is later reported to it by the partnership. By the partnership, right. On the partnership return, correct. The partnership returns is incorrectly noting that I got a million bucks when I got a thousand bucks. And if that's the case and the partner has received the Schedule K-1, then the partner is on notice that the partnership is reporting an item that he would like to dispute. And in order to dispute that, having had such notice, it's incumbent upon the partner to notify the IRS of inconsistency. Mr. Christensen here. Went in with my tax returns, like all the, like the other 15 K-1s I got, I just missed it. I have no recourse other than to, unless I follow this 1082 path to contest an obligation, which I don't know. After three years, yes, Your Honor, your time and your time to contest that, you'd have three years from the filing of the partnership return in order to contest that. Mr. Christensen, is one option available to the Glucks here and in Judge Parker's situation to pay the deficiency, the noted deficiency, and then contest it? Is that foreclosed? So that question is governed by section 6230 of the code, which allows partners to contest certain things like an erroneous computational adjustment they could raise in a subsequent refund suit. But importantly, they are not allowed to challenge the underlying partnership items, which at that point are conclusively established. And that section, section 6230 paragraph C4. Sorry, at what point? Go ahead. I'm sorry. I'm sorry. And that kicks in at what point? Is that the three years after the filing of the return? Yes. So once the partnership level proceeding becomes final, then partnership items can no longer be challenged. And there are several ways that a partnership level proceeding can become final. One is if the partnership return is filed and it's never investigated and no proceeding is ever opened, then within three years, you know, the partner would need to raise the issue. And at that point, the IRS could open up a partnership level proceeding. Another way that the partnership level proceeding becomes final is when there is, the IRS either is notified by a partner or of its own, begins an audit of the partnership return. And at the end of that audit, the IRS will send a final notice, at which point, you know, that the determinations can be challenged in the tax court. Why is the tax court's determination that it didn't have any jurisdiction bonding on us? Like, I think the issue that this court must answer is whether the tax court had jurisdiction in this deficiency case to determine partnership items. And the tax court correctly concluded that it did not have that jurisdiction. So this court, of course, has appellate jurisdiction to review the tax court's decision that it lacked jurisdiction. But again, that's the question, is whether the tax court had subject matter jurisdiction. Judge Robinson? Yeah, I did a couple of questions that I just want to make sure I understand. One is, you're not contending that any aspect of the taxpayer's tax return as to the reporting of income, deductions, and anything associated with the tax partnership or the purported tax partnership was inconsistent with the figures reported on his K-1. Am I right that the only adjustment here was to this, what you're describing, the affected item or ancillary matter of whether or not he's entitled to take a gain, required to take a gain on this sale, which depends on the way we understand the character of this property that he received? That's correct, Your Honor, that it's just the like-kind exchange treatment. So let me, I'm trying to understand because there's sort of partnerships and then there's partnerships, and the federal tax definition of partnership is fairly broad. And I'm trying to understand if I own a property in Fee Simple, and my next door neighbor owns a property in Fee Simple, and we combine to have a cross-country ski center that traverses both of our lands, we collect money and take deductions, can we elect to file, or maybe we're even required to file, as a partnership for federal tax purposes, even though we both own the underlying property in Fee Simple? Yes, so Your Honor is correct that the definition of partnership for federal tax law purposes is quite broad, and it's defined to include a syndicate, group, pool, or joint venture that's unincorporated, which through or by means of which any business, financial operation, or venture is carried on. So it's a very broad definition. So the fact of our filing a K-1, our filing a partnership level informational return, that doesn't say anything in itself, depending, and then we get to the content of what we found, but that fact doesn't say anything about whether, who owns the underlying property, right? So that doesn't signal to the IRS that that property that one of us or another must make claim by virtue of a like-kind exchange, because that's how we acquired the property in the first place. That doesn't tell them anything, the fact that we required a partnership return, about the like-kind exchange question. That would be correct, except that the partnership return here, you know, they report assets, and so here the partnership return listed the underlying property as an asset of the partnership, and so the IRS would be notified of the partnership's claim to own the underlying property based on its reporting on its return. So could I, with my neighbor, who were running the Ski Center, could we decide that it's going to make much more sense to report for tax purposes the depreciation of the property through the partnership return, rather than each of us trying to pull it out at an individual level? Well, I think so, and actually, I think, you know, federal tax law would govern whether you are or not a partnership, and under the hypothetical, it sounds likely that federal tax law would denominate that sort of venture as a partnership, in which case, you would be treated as a partnership for purposes of the code, and likely wouldn't have the, you know, ability to be treated otherwise. Right, so you're absolutely a tax partnership for purposes of the code, but there's also no question that each of you owns your property in Key Simple and would be entitled to realize that gain for like-kind exchange, right? Those are just different apples and orange questions, right? Well, the link here is that your entitlement to a like-kind exchange, again, if the exchange involves the exchange of a partnership interest, then you wouldn't be entitled to that treatment, and so really, the issue here is what was the asset that was acquired by Mr. Gluck? You know, no one disputes that a tenancy in common interest is a real property interest, but the dispute here is what asset was acquired in these sales contracts, and for federal tax purposes, under TEFRA, he must be treated as having acquired a partnership interest because that's how it was reported to the IRS, by the partnership, and then he failed to contest that treatment and got in the right forum to contest the treatment that we've just been discussing. I suppose it's possible that a different outcome might obtain once the transaction was deconstructed, is that right? I agree. The IRS would then have had the opportunity to investigate the transactions and make a determination at the partnership level as to whether an exchange of a partnership interest was involved. So the question before us is the narrow one about the tax court's jurisdiction on de novo review. Was it correct in how it interpreted the proceedings and the documents before it? Is that right? Yes, and again, the government submits that that is correct. One other thing I would point out, there are times when a partnership or a purported partnership may file a return and then it turns out that the entity may not actually be a partnership, but there are provisions in TEFRA where, in that situation, if the commissioner reasonably determines that the entity is a partnership and they file the partnership return, then TEFRA extends to those circumstances. Okay, we've kept you well past your time. Oh, go ahead, Judge Robinson. I'm so sorry. I wanted to ask you the same question I asked your colleague, which is, are we looking at the statute as it relates to the TEFRA pieces circa 2012 or circa 2018? So my understanding is that the statute applies as an effect during the for under TEFRA between 2012 and 2018. Well, here's why I'm asking. The 2018 version describes an adjustment for the purposes of what we're calling computational adjustment as a mathematical adjustment, which then for 6213 purposes means the tax court loses jurisdiction. As of 2012, the consequences of failing to give notice of the inconsistency was not that it would be treated as a mathematical error. It was that you would lose the benefit of the ability to stay collection on it under 6225, I think, but it didn't actually divest the tax court of jurisdiction in the context of a deficiency proceeding. And so that's why I was trying to figure out, am I misunderstanding what it provided in 2012 as to the tax court's jurisdiction? Your Honor, I'm not exactly sure to what provisions you're referring to. Are you referring to the definition of affected item that has changed from 2012 to 2018? No, I'm looking for the notification of inconsistent treatment. So in 2012, the consequence for a failure to notify of inconsistent treatment was that you couldn't apply section 6225. That doesn't apply to any part of the deficiency attributable to any computational adjustment. When you look at 6225, that talks about sort of staying or tolling enforcement of the tax. But the only thing it says about the tax court jurisdiction is that it shall have no jurisdiction to enjoin any action or proceeding under the subsection unless a timely petition for readjustment of partnership items. But this isn't that. This is a challenge of deficiency. And so I'm just trying to figure out where we get to the cutting off the jurisdiction to review a deficiency from the statute as existed in 2012. Yes. And the answer, Your Honor, is not the statute you're referring to, but it's actually section 6230A1, which says that except as provided in paragraph two or three, subchapter B of this chapter shall not apply to the assessment or collection of any computational adjustment. And that's the governing jurisdictional statute in this case. Because this involved the computational adjustment, subchapter B, the deficiency procedures shall not apply. And I don't think that statute has changed from 2012 to 2018. And how do we know from the face of the adjustment? You've asserted that in your briefing, but it wasn't clear to me from the record. Yeah. So there's testimony at the trial court level on page 580. Okay. But not in the correspondence with the taxpayer, right? Not in the correspondence, except for, as I mentioned before, again, the notice of deficiency did explicitly adjust the like kind exchange and disallowed that treatment here. All right. Okay. Thank you very much. We've kept you well past your time. Thank you. You're very welcome. Thank you. We'll hear from Mr. Friedman. Thank you, Your Honor. I think we have to look at what this narrow issue is and whether or not there was a computational adjustment here. Because if there wasn't, then the proceeding goes forward at the partner level. The IRS is arguing that the notice of deficiency was protective of their computational adjustment argument. Well, no, it wasn't. The notice of deficiency was protective of that if it doesn't say anything about that. I think what they're saying was non-committal, that it could turn out to be a factual adjustment or computational adjustment, and that by being non-committal about that, they preserved that option. They didn't say one way or the other. Why is that incorrect? Because I think if they're going to be non-committal about it, they should at least put it out there that that's an option. And they didn't even put it as an option in the notice deficiency. If you look at the record at JA-29, that's where the IRS explains the adjustments for the capital gain or loss on this sale of the condominium. That's the first paragraph in the adjustments. It says, we have determined that the capital gain realized on the sale of the condominium. If you look at the next paragraph, it talks about an unrelated LLC owned by the Glucks, not the one we're talking about here. It's not relevant to the issue in this proceeding, but it does say that for that LLC, they're following TEFRA partnership, is subject to the partnership level proceedings pursuant to the partnership audit and litigation procedures of TEFRA. If the IRS wanted to apply the gain, the deferral of the gain here to TEFRA, why didn't they say the same thing about the gain that is the issue here in the notice of deficiency? Let me ask you this. What's your theory about why your client was not able to apply the gain? Well, here, first of all, the form 8020 is for an inconsistent treatment from a partnership return to a partner return. Here, there's no inconsistent item that was reported on the K-1. It's strictly a matter of the Glucks personal return and whether a capital gain deferral is IRC 1031. Your theory is they got a K-1, which was entirely inappropriate because they didn't have an interest in a partnership. It seems to me that if anything would trigger 8020, it would be that. I'm sorry, your honor. I didn't hear that. Your theory is that, look, my clients really had no dealings with the partnership. They didn't join a partnership. They didn't get partnership income, et cetera, et cetera, but they still got a K-1 and the partnership followed the K-1. I don't understand why that wouldn't be a quintessential instance in which your part followed form. Well, because, first of all, the Glucks position is that the classification of the nature of an interest in property for the purposes of 2031 is not a partnership item. It's a matter of state law and state law controls. Even if you get to your point and- State law controls what? The determination of whether the interest purchased is a real property interest or a partnership interest. Is there any colorable argument that this was not a partnership under New York law? That this was not a partnership or that the interest purchased was not a real property interest? The partnership was not properly constituted under New York law. Well, I think there is an argument to that effect. I think the IRS's position was that doesn't matter at this point. We don't believe that there was ever a partnership under the name of GMP. I don't remember. Oman and Portnoy. But that's not an issue that was determined by the tax court because they said it didn't matter. But even if, your honor, Judge Parker, you're correct and we should have filed the form 8082, the issue is whether or not there's a computational adjustment to the affected item here. And if there isn't, then the tax court did have jurisdiction to hear the partner level proceeding on the factual issue, whether or not like-kind exchange was proper. No, I get that. I understand. Thank you. Was the- Sorry. No, go ahead, please. Was the- We're hearing from the commissioner that the fact that the tax partnership declared the property as a partnership item asset was apparent on the face of the K-1. Is that true? And if so, doesn't that undermine your claim? I'd have to be pointed to where they're referring to, your honor. I don't recall seeing that. I think it's there's declared as their sole asset and they have income and expenses related to managing that asset on the face of the K-1. Okay. I think we have, we've kept everyone substantially past our allotted time. Unless a colleague has a question, I think we will review your papers carefully. We thank you for your arguments and we will reserve decision. Thank you, your honor. Thank you both. Thank you both. Thank you. Very interesting case. Thank you. The next-